# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 5, 2007

## JAMES WILLIAM TAYLOR v. GEORGE LITTLE

**Appeal from the Chancery Court for Davidson County**
**No. 05-65-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2005-01615-COA-R3-CV - Filed July 17, 2007**

---

Appellant and inmate in the Department of Correction filed a declaratory judgment action asserting various deficiencies in the judgment of the trial court convicting him of first degree murder and sentencing him to life in prison. He asserts that the murder conviction should not have been used in the calculation of his prison sentence. The trial court granted summary judgment to Defendant, George Little, the Commissioner of Correction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

James William Taylor, Only, Tennessee, *pro se*.

Robert E. Cooper, Attorney General and Reporter; Arthur Crownover, II, Senior Counsel, for the appellee, George Little, Commissioner, Department of Correction.[1]

## MEMORANDUM OPINION[2]

On December 29, 2004, Appellant filed his Petition for Declaratory Judgment in the Chancery Court of Davidson County, Tennessee, asserting that the Department of Correction

---

[1] Commissioner George Little has been substituted as a party in the place of Commissioner Quenton White in accordance with Tenn. R. App. P. 19(c).

[2] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

incorrectly calculated his sentence because it used in the calculations a judgment of the Circuit Court of Williamson County that did not comply with Tenn. Code Ann. § 40-35-209(3) (1986 supp.). Appellee responded with the affidavit of Roberta Anderson, correctional program director for the Department of Correction. This affidavit is uncontradicted and establishes:

3. Mr. Taylor was convicted 8-19-1988 to a Life sentence on Williamson County Case #188108, ct. 3. We have a final day order signed by Judge Donald P. Harris dated August 19, 1988 which states the jury sentenced Mr. Taylor to Life imprisonment. [Exhibit 1]

4. He was also convicted 9-6-1988 to a fifteen year sentence on Williamson County Case #188108, ct. 1 which was ordered consecutive to Case #188108, ct. 3. In addition, he was convicted 9-6-1988 to a fifteen year sentence on Williamson County Case #188108, ct. 2 ordered consecutive to Case #188108, ct. 1 and ct. 3 for an effective sentence of Life plus thirty years.

5. Mr. Taylor was convicted 12-21-1988 to a four sentence on Williamson County Case #188106. He was also convicted 12-21-1988 to an additional four year sentence on Williamson County Case #188107, ct. 1. which was ordered consecutive to #188106. In addition, he was convicted on December 21, 1988 to a six year sentence on Williamson County Case #188108, ct. 4 which was ordered consecutive to #188106, ct. 1 for an effective fourteen year sentence on these cases.

6. On January 16, 1989, Mr. Taylor was convicted to a one year sentence on Hickman County Case #8310107F. It was concurrent and expired November 13, 1989.

7. Mr. Taylor was sentenced July 28, 1987, to a three year conviction on Case #S86300, ct. 4 and to a one year conviction on Case #S86300, ct. 11. These were originally sentenced to probation. However, we have an order signed by Judge Donald Harris dated June 6, 1991 revoking these sentences and ordering them consecutive to Case #188108. [Exhibit 2]

8. Mr. Taylor's current release eligibility date is 11-29-2023.

Two orders of the trial court are pertinent to the disposition of this case. The first, being a Final Day Order entered August 19, 1988, provides:

Came again the District Attorney to prosecute for the State, and came again the Defendant in person and with his attorney, and came again the jury and the alternate jurors in the custody of their sworn officers and were respited until this morning at 9:00 o'clock a.m.

Thereupon, after hearing all the evidence in the case, the arguments of Counsel and receiving the charge of the Court, the Court dismissed the two alternate jurors, and the twelve jurors retired to consider their verdict. After due deliberation, said jury returned into open Court and do say:

We, the jury, find the defendant, James Taylor,
guilty of Count 1, Burglary 2nd Degree
guilty of Count 2, Simple Robbery
guilty of Count 3, 1st Degree Murder

Thereupon, the jury proceeded to sentence the defendant, James Taylor, to Life Imprisonment as to Count 3, 1st Degree Murder.

Thereupon, the Court proceeded to set the Sentencing Hearing as to Count 1 and Count 2 for September 6, 1988, at 9:00 o'clock a.m.

Enter this the 19th day of August, 1988

The second order is a Probation Revocation Order whereby on June 6, 1991, three years probation previously given in convictions for receiving stolen property and concealing stolen property prior to his convictions under Case #188108 were revoked. This order provides:

It appearing to the Court that the defendant was sentenced to 3 years in the Dept. of Correction, but that sentence was suspended and defendant placed on probation on the 28th of July, 1987, and it further appearing that the defendant has violated offenses of (1) Burglary, (2) Simple Robbery, and (3) Murder - 1st degree, on 9-6-88.

It is therefore ordered that the probation of aforesaid be, and the same is hereby revoked, and the defendant is ordered to serve the sentence of 3 years, Consecutive to #188-108 in the Tennessee Department of Correction.

This the 6th day of June 1991.

It is asserted in this declaratory judgment action that the Department of Correction could not use his conviction of first degree murder in Case #188108 because the trial judge had failed to enter a sentencing judgment complying with Tenn. Code Ann. § 40-35-209(3) (1986 supp.).

In granting Defendant's Motion for Summary Judgment, the trial court held:

The petitioner filed this matter to obtain a declaratory judgment that a first degree murder conviction, included by the respondent in calculating his sentence, is illegal and void, and that the sentence should be calculated excluding the first degree murder conviction. The respondent filed a motion for summary judgment attaching affidavits demonstrating that the sentence was correctly calculated. The petitioner opposed the motion, asserting that the murder conviction was not recorded by means of a judgment document as required by Tennessee Code Annotated section 40-35-209(e)(1) - (13), (f). The Court ordered the respondent to reply and brief the requirement of section 40-35-209(f). The respondent has complied.

After reviewing the respondent's reply and petitioner's opposition, the Court grants the motion for summary judgment. The respondent's briefing establishes that the petitioner was sentenced prior to the present requirement of section 40-35-209(f)

of a uniform judgment document. The Court is persuaded by the authorities and reasoning of respondent's counsel that the "Final Day Order" used by the respondent in this case complied with the statutory requirements in effect at that time, such that the sentence in this case is not illegal.

Additionally, pursuant to *Grooms v. State of Tennessee*, 2001 Tenn. Crim. App. LEXIS 199, No. E2000-00958-CCA-R-PC (March 4, 2001) a technical violation in a judgment document does not render the sentence invalid.

Finally, the "Final Day Order" is the best evidence available of the conviction and life sentence. Signed by the judge and authenticated by the clerk, the Final Day Order is reliable documentation and appropriate for the respondent to use in calculating the petitioner's sentence.

It is therefore ORDERED that the respondent's motion for summary judgment is granted, and this case is dismissed with prejudice. Court costs and fix filing fees are taxed to the petitioner for which execution may issue if necessary.

The sole assertion made by Appellant is that no judgment forms, under Tenn. Code Ann. § 40-35-209, were entered in the trial court as to his first degree murder conviction and that the failure to conform with the statute rendered the judgment void and thus it could not be used in calculating his sentence. This assertion has previously been rejected by Tennessee courts.

The petitioner also alleges that his convictions are void based on his judgment forms, which were improperly completed. Rather than completing a separate judgment form for each of the petitioner's seventeen convictions, the trial court only completed three judgment forms, one for each type of conviction. The petitioner is correct in his assertion that the trial court erred by failing to complete a separate judgment form for each of his convictions. *See* Tenn.Code Ann. § 40-35-209(f) (Supp.2002); Tenn. Sup.Ct. R. 17. However, such a " 'technical' concern" is not an appropriate basis for *habeas corpus* relief. *See Billy J. Grooms v. State*, No. E2000-00958-CCA-R3-PC, 2001 WL 252076, at *2 (Tenn.Crim.App. at Knoxville, Mar. 14, 2001). Indeed, per Tennessee Code Annotated section 40-35-209(g), the remedy for such error is not to render a defendant's convictions void, but rather to amend the judgment forms. *See* Tenn.Code Ann. § 40-35-209(g) (Supp.2002). Thus, such an allegation is also not an appropriate ground for *habeas* relief.

*Burrell v. Carlton*, No. E2002-01613-CCA-R3-PC, 2003 WL 22381171, at *2 (Tenn.Crim.App. Oct. 17, 2003). *See also State v. Hyder*, No. M2003-00833-CCA-R3-CD, 2004 WL 1217120, (Tenn.Crim.App. June 3, 2004).

The Tennessee Court of Criminal Appeals has observed:

In our view, the "technical" concerns expressed by the petitioner relative to the judgment and the minute entries do not serve as a basis for relief. In *State v. Gregory A. Hedges and Thomas D. Carter*, Nos. E1999-01350-CCA-R3-CD and

E1999-01323-CCA-R3-CD (Tenn.Crim.App., at Knoxville, Oct. 13, 2000), this court held that combining separate convictions in a single judgment form, while violative of Rule 17 of the Rules of the Tennessee Supreme Court, does not provide a basis for relief on a claim of illegal sentence. It has also been held that even the lack of a trial judge's signature does not necessarily render a judgment void. *Jack P. Carr v. David Mills*, No. E2000-00156-CCA-R3-PC (Tenn.Crim.App., at Knoxville, Oct. 13, 2000). Furthermore, a judge's failure to sign minutes does not result in an illegal sentence or a void judgment. The duty to sign minutes is deemed directory rather than mandatory. *Jerry L. Johns v. State*, No. E1999-00260-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Mar. 9, 2000), *app denied* (Tenn. Sept. 11, 2000); *Kenneth Lee Weston v. State*, No. E1999-02095-CCA-R3-CO (Tenn.Crim.App., at Knoxville, Nov. 27, 2000).

*Grooms v. State*, No. E2000-00958-CCA-R3-PC, 2001 WL 252076, at \*2 (Tenn.Crim.App. Mar. 14, 2001).

The judgment of the trial court is in all respects affirmed with costs assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE